SHARON BERDAHL,                    )
                                   )
                Plaintiff,         )
                                   )
v.                                 )    Case No. CIV-15-378-JHP-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
                Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Sharon Berdahl (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 23, 1963 and was 51 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a secretary and certified nurses assistant. Claimant alleges an inability to work beginning July 29, 2012 due to limitations resulting from back pain, anxiety, and depression.

### Procedural History

On October 2, 2012, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On July 8, 2014, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Douglas Gabbard, II in McAlester, Oklahoma.  The ALJ entered an unfavorable decision on September 11, 2014.  The Appeals Council denied review on September 2, 2015.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to conduct a proper credibility determination; (2) reaching an erroneous RFC; and (3) failing to fully develop the record.

## Credibility Determination

In his decision, the ALJ determined Claimant suffered from the

severe impairment of degenerative disc disease of the lumbar spine.
(Tr. 22). The ALJ concluded that Claimant retained the RFC to
perform light work except she could only occasionally climb, stoop,
kneel, crouch, and crawl. Claimant must be able to alternate
between sitting and standing every fifteen to thirty minutes
throughout the workday in order to change positions but without
leaving the workstation. (Tr. 24). After consultation with a
vocational expert, the ALJ found Claimant retained the RFC to
perform the representative jobs of furniture rental clerk and arcade
attendant, both of which the ALJ found to exist in sufficient
numbers. (Tr. 27). As a result, the ALJ found Claimant was not
disabled. (Tr. 28).

Claimant first contends the ALJ failed to engage in a proper
evaluation of his credibility. Claimant testified that she last
worked in 2012 as a rehab secretary and had worked prior to that
time as a certified nurses assistant. (Tr. 40-41). She further
testified that her lower back prevented her from working in her past
jobs. She stated that she could stand for no more than fifteen to
twenty minutes. She cannot lay down for more than an hour or two.
Claimant testified that she "just can't do what I used to do." (Tr.
43). She has to change her positions between sitting and standing
due to back pain. Id. She also testified that she can sit for at
least twenty to twenty five minutes and then she has to get up and

move around a little bit.  Claimant estimated that she could stand for about fifteen to twenty minutes before she has to sit down.  As a result, Claimant alternates between sitting and standing every fifteen to twenty five minutes.  Claimant takes hydrocodone for her back pain.  (Tr. 44).

For her daily routine, Claimant sits on her front porch for twenty to thirty minutes.  Then, if she is able, she does light housework, "which consists of barely nothing."  She loads the washer, takes clothes out of the dryer, and does a small load of dishes.  She cooks in the microwave oven.  Claimant shops with her daughter once a week.  She engages in no social activities.  (Tr. 45).

Claimant stated that her doctor wants to perform surgery on her but she is frightened at the prospect.  (Tr. 45).  Claimant agreed that she could only do occasional stooping, kneeling, crouching, and crawling.  She stated that she tried not to lift anything that weighed over 10 pounds.  She also takes anti-anxiety medication.  (Tr. 46).

To take her mind off of things, Claimant visits with her next door neighbor and reads a lot of books.  (Tr. 47).

Claimant began helping at Chapel Ridge Health and Rehab as an activity assistant, going two or three days a week, for up to eight hours a day.  She helps the residents play bingo and card games and

takes them outside on the patio. She only goes when her back isn't flared up so bad she can't move or function. (Tr. 47-48).

Claimant also stated that the pain in her lower back extends down her right leg. She also has numbness in her leg. The pain is present 24/7. She has been using a cane but has no prescription for it. (Tr. 50). She stated that she uses the cane for safety and stability to catch herself if her back would go out. 9Tr. 51).

When she performs her duties as activity assistant, Claimant spends quite a bit of time the next day in bed. She has a lot of flexibility in taking breaks and resting. (Tr. 51).

On days she spends at home, Claimant states that she spends at least six hours out of eight hours either laying down or putting her feet up. She can usually go about thirty five to forty minutes when she goes shopping but then has to find a bench. When doing tasks around the house, Claimant is able to stand between fifteen and twenty five minutes. She does a little vacuuming but no mopping or sweeping. (Tr. 53).

Claimant also states that most of her medication makes her sleepy. She estimated that she has twelve really bad days per month. (Tr. 54). Claimant also stated that her depression and anxiety makes her not like being around a lot of people. She has no problem, however, working around the 10-15 people at the rehab center because they go in and out of the room. (Tr. 54-55).

The ALJ accurately recited Claimant's testimony and concluded her credibility was "no more than fair". (Tr. 24-25). He cited to the medical record and the indications that, while Claimant reported low back pain and reduced range of motion, this condition resolved later in 2012 and the examinations were otherwise normal. (Tr. 339, 354, 357, 360, 388-93). Moreover, the ALJ correctly noted that Claimant had received minimal and conservative treatment in comparison to her subjective testimony. (Tr. 25-26). The ALJ also cited to Claimant's activities, including part time work at a rehab facility as casting doubt upon the extent of Claimant's functional limitations. (Tr. 24-25).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or

8

other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. <u>Kepler</u>, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000).

In this case, the ALJ thoroughly discussed the discrepancies in the Claimant's actions, the medical record, and his testimony which adversely reflected upon the credibility of Claimant's statements of limitation. The discussion contains thoughtful reasoning and careful consideration of the record. No error is found in this credibility analysis.

**RFC Determination**

Claimant contends the ALJ should have given more weight to the medical source statements in the record when arriving at the RFC. On June 24, 2013, Dr. Vikki Sutterfield authored a Physical Capabilities Evaluation on Claimant. She opined Claimant could sit for three hours in an eight hour workday and stand/walk for three hours in an eight hour workday. She also stated Claimant required an opportunity to alternate sitting and standing at will throughout the day. Dr. Sutterfield found Claimant could engage in simple grasping and fine manipulation but not pushing and pulling with her hands or engage in repetitive motion tasks. She also indicated Claimant could not use her feet for repetitive movements as in the operation of foot controls. (Tr. 325).

Dr. Sutterfield also found Claimant could occasionally lift/carry up to ten pounds and could never climb, balance, stoop, kneel, crouch, crawl, and only occasionally reach above shoulder level. Claimant could not work at unprotected heights or be around moving machinery. (Tr. 326).

Dr. Sutterfield noted Claimant suffered from fatigue due to "severe pain as well as anxiety & depression with poor sleep." She estimated Claimant's fatigue was disabling to the extent that it would prevent her from working full time at even a sedentary position. (Tr. 327). She also stated Claimant suffered from pain due to severe back pain and degenerative changes, which also would

prevent her from working full time at even a sedentary position. (Tr. 328). Dr. Sutterfield also stated the effects of Claimant's medication on her attention and concentration was severe, which would preclude the attention and concentration required for even simple, unskilled work tasks. (Tr. 329).

Dr. Sutterfield was considered as a treating physician by the ALJ, but her opinion was given "little weight." (Tr. 26). As stated, the clinical findings and treatment records do not support the degree of limitation found by Dr. Sutterfield. MRI showed no herniation or stenosis in the lumbar region. (Tr. 369). The objective record does not support Dr. Sutterfield's functional conclusions. Moreover, no other medical opinion in the record offers the same level of limitation. The ALJ performed the necessary analysis of a treating physician's opinion and properly weighed the opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ did not err in the reduced weight given to Dr. Sutterfield's opinion.

### Duty to Develop the Record

Claimant contends the "ALJ in this case failed to fully develop the record, and the Appeals Council in this case should have remanded the case for further development" because additional evidence was needed. Claimant fails to identify specific evidence

missing from the record or which should have been obtained. This argument itself fails for lack of development.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE